IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLACKJACK LAND & CATTLE CO., LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:15-CV-00427-W |
| SHERIDAN PRODUCTION COMPANY, LLC, | ) |
| Defendant | ) |
| and | ) |
| COMPLETE ENERGY SERVICES INC, and CRESCENT CONSULTING, LLC, | ) |
| Additional Defendants | ) |

**AMENDED COMPLAINT**

Comes now Plaintiff and for its claims against Defendant and the Additional Defendants states:

1. Plaintiff is an Oklahoma limited liability company.

2. Plaintiff owns certain real property in Grady County, Oklahoma, as more particularly described below.

3. Defendant Sheridan Production Company, LLC ("Sheridan") is believed and therefore alleged to be a Delaware limited liability company doing business in Oklahoma.

4. Additional Defendant, Complete Energy Services, INC. ("Complete Energy") operating under the trade name of Hamm & Phillips Services Company, is believed and therefore alleged to be a Delaware corporation doing business in Oklahoma.

5. Additional Defendant, Crescent Consulting, LLC ("Crescent") is believed and therefore alleged to be an Oklahoma limited liability company doing business in Oklahoma.

6. Plaintiff is the owner of the following described real property:

S/2 NW/4 and SW/4 NE/4 and NE/4 SE/4 and E/2 NW/4 SE/4, Section 25, Township 5 North, Range 6 West, Grady County, Oklahoma.

7. Sheridan contracted and agreed with Plaintiff for the drilling and completion of an oil and/or gas well on part of Plaintiff's real property

8. The contract by its terms is to be held confidential. Therefore, a copy of the contract between the parties is not attached.

9. Sheridan is believed to have contracted with Complete Energy and with Crescent to perform certain services in connection with the drilling and/or completion of the well.

**Breach of Contract--Sheridan**

10. Sheridan breached such contract by (among other breaches that may be discovered herein):

    i. Establishing the drilling pad differently from agreed.

    ii. Using more of Plaintiff's real estate than was agreed.

    iii. Diverting water from Plaintiff's wells to neighboring land.

    iv. Spilling dangerous chemicals onto Plaintiff's real estate.

    v. Failing to pay for water used in the completion of the well.

    vi. Failing to reclaim Plaintiff's land after drilling of the well.

    vii. Causing damage including erosion to Plaintiff's land outside the agreed location

11. As a result, Plaintiff sustained damages in an amount in excess of $75,000 including but not limited to the following:

    i. Temporary and permanent damage to and loss of use of Plaintiff's real estate.

    ii.    Loss of water.

### Trespass—Location--Sheridan

12. Sheridan located and drilled the well in a different location from that agreed and from that reported to the Oklahoma Corporation Commission in Sheridan's drilling permit application.

13. The different location was chosen and drilling of the well done by Sheridan without the consent or agreement of Plaintiff.

14. The use of such different location commenced in or about April, 2014, and continues.

15. The relocation of the well has caused temporary and permanent damage to Plaintiff's real estate outside the area for which the parties agreed to locate the well.

16. Such relocation of the well has deprived Plaintiff of the use and benefit of the portion of such real estate outside the agreed upon location without the agreement or consent of Plaintiff.

17. Such relocation was intentional, with malice toward Plaintiff, and/or with reckless disregard for the rights of Plaintiff.

18. As a result, Plaintiff sustained damages in an amount in excess of $75,000.

### Trespass—Excessive Use--Sheridan

19. Sheridan and its employees and agents used real estate of Plaintiff in excess of that agreed for the drilling and completion of its oil and/or gas well.

20. Such excessive use was without the consent or agreement of Plaintiff.

21. Such excessive use commenced in or about April, 2014, and continues.

22. Such excessive use of Plaintiff's real estate has caused temporary and permanent damage to the real estate.

23. Such excessive use of Plaintiff's real estate has deprived Plaintiff of the use and benefit of the portion of such real estate used by Sheridan without the agreement or consent of Plaintiff.

24. Such excessive use was intentional, with malice toward Plaintiff, and/or with reckless disregard for the rights of Plaintiff.

25. As a result, Plaintiff sustained damages in an amount in excess of $75,000.

### Trespass—Spill—Sheridan, Complete Energy and Crescent

26. Sheridan, Complete Energy and Crescent or their employees or agents allowed dangerous chemicals to spill onto Plaintiff's real estate.

27. Such spill has caused temporary and permanent damage to the real estate and damage to and loss of Plaintiff's livestock.

28. Such spill has deprived Plaintiff of the use and benefit of the portion of such real estate upon which the spill occurred and the pasture in which the spill was made.

29. Such spill was made with reckless disregard for the rights of Plaintiff.

30. As a result, Plaintiff sustained damages in an amount in excess of $75,000 including but not limited to the following:

   i. Temporary and permanent damage to and loss of use of Plaintiff's real estate.

   ii. Loss of livestock.

   iii. Injury to livestock.

### Negligence—Sheridan, Complete Energy and Crescent

31. The spill resulted from the failure of Sheridan, Complete Energy and Crescent or their employees or agents to exercise reasonable care to protect Plaintiff's real estate from damage.

32. Plaintiff's cattle also drank from the spill resulting in death or injury.

33. The spill resulted from the failure of Sheridan, Complete Energy and Crescent or their employees or agents to exercise reasonable care to prevent spillage, to keep spilled chemicals

from Plaintiff's real estate, and to protect Plaintiff's real estate from damage and Plaintiff's cattle from death and injury.

34. Such damages are the direct and proximate result of Sheridan, Complete Energy, and Crescent or their employees' or agents' breach of duties owed to Plaintiff.

35. In addition, Sheridan and/or its employee or agent caused the death of a calf of Plaintiff by being struck and run over by a vehicle during Sheridan's drilling operations.

36. The loss of that calf also was the direct and proximate result of Sheridan's or its employees' or agents' breach of duties owed to Plaintiff.

37. As a result, Plaintiff sustained damages in an amount in excess of $75,000 including but not limited to the following:

    i. Temporary and permanent damage to and loss of use of Plaintiff's real estate.

    ii. Loss of livestock.

    iii. Injury to livestock.

### Violation of Oklahoma Surface Damages Act--Sheridan

38. Sheridan failed to give notice to and negotiate with Plaintiff under the Oklahoma Surface Damages Act for the use of more of Plaintiff's real estate than was allowed under the contract and for a location different from that provided in the contract.

39. Such excessive use was willful and with knowledge on the part of Sheridan by reason of which Plaintiff is entitled to treble damages for the excessive use.

40. As a result, Plaintiff is entitled to treble damages on its claims for excessive use of Plaintiff's real estate.

### Nuisance—Sheridan

41. Sheridan's actions in using excessive parts of Plaintiff' real estate constitute a continuing nuisance.

42. As a result, Plaintiff is entitled to abatement of the nuisance and damages in excess of $75,000.

Wherefore, Plaintiff pray judgment against Sheridan, Complete Energy and Crescent in an amount in excess of $75,000.00 for (i) trespass-spill, and (ii) negligence and for punitive damages, interest, attorney's fees, and costs and such other relief as to which Plaintiff may show itself entitled.

Plaintiff further prays judgment against Sheridan in an amount in excess of $75,000 for (i) breach of contract, (ii) trespass, (iii) violation of the Oklahoma Surface Damages Act, and (iv) nuisance and for punitive damages, interest, attorney's fees, and costs and such other relief as to which Plaintiff may show itself entitled.

/s Samuel C. (Van) Bingaman
Samuel C. (Van) Bingaman, #15933
127 Chickasha Ave.
Chickasha, OK 73018
[405] 222-4646—Phone
[405] 222-4666—Facsimile
bingamanlaw3@yahoo.com
Attorney for Plaintiff